*L. A. Dickey* for complainant.

*P. Neumann, T. C. Ridgway* and *C. M. Le Blonde* for respondent.

---

IN THE MATTER OF THE APPLICATION OF W. T. SCHMIDT FOR A WRIT OF MANDAMUS AGAINST A. S. HUMPHREYS, FIRST JUDGE OF THE CIRCUIT COURT OF THE FIRST CIRCUIT.

ORIGINAL.

SUBMITTED MARCH 21, 1901.          DECIDED APRIL 10, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Mandamus as a rule does not lie to compel a reversal of an order of an inferior court where such order is within the discretion of the court (as where a juror has been excused from further duty) or where there is another adequate remedy (as where the court has ordered a forfeiture of the juror's fees and the clerk has after-

-wards with the approval of the court drawn them from the treas-
ury for the use of the petitioner) or where demand has not pre-
viously been made upon the court or judge.

### OPINION OF THE COURT BY FREAR, C.J.

The petitioner alleges in substance that he was a juror at the
February Term of the Circuit Court of the First Circuit over
which the respondent presided, that he appeared as such juror
before the court on eleven different days, on two of which he
joined in verdicts, but that on the last of said days, upon the
jury stating that they could not agree upon a verdict, the Judge
asked how they stood, and, when informed ten to two, further
asked who the two were, and, when informed the present peti-
tioner and one other by name, harshly and cruelly reprimanded
these two, excused them from further jury duty and ordered
that they forfeit their per diem fees already earned during the
term.    It is further alleged that a statement of the fees due
petitioner was made up by the clerk of the court, countersigned
by the Judge, signed by the petitioner and audited by the
auditor, and that the amount thereof, twenty-four dollars, was
collected from the Treasurer for and on account of the peti-
tioner, that the clerk now holds the same and although requested
refuses to pay the same to the petitioner because of said order.
The petitioner prays for a writ of mandamus directing the Judge
to vacate the order excusing him, the petitioner, from further
jury duty and forfeiting his fees.   An alternative writ issued.

The respondent demurs on a number of grounds, only one or
two of which need be considered.

The order excusing the petitioner from further duty was
within the discretion of the court and clearly cannot be reversed
by mandamus.   In *People v. Murray*, 85 Cal. 350, the court
said: "Ordinarily, a court would not be justified in discharging a
jury because it had returned a verdict which did not meet with
the approval of the court.   But the verdict might be such as to
convince the court that the jury had purposely and wilfully dis-
regarded the evidence and returned a verdict in violation of

their sworn duty. Under such circumstances the court would not only be justified in discharging the jurors, but it would be its duty to do so." The question whether in this case the Judge was justified by the facts in exercising his discretion in the way he did cannot be inquired into in these proceedings.

As to the order forfeiting fees for services previously rendered, the petitioner has other adequate remedies. For instance, on the facts alleged he could recover the fees from the clerk in an action for money had and received. The Judge's order of forfeiture, being void, would be no defense to the clerk in such an action.

Again, no demand was made on the Judge to reverse the order of forfeiture or to direct the clerk to pay over the money and no adequate excuse is given for not having made such a demand. On the contrary the allegation that the Judge after ordering a forfeiture countersigned the statement as to the petitioner's fees, would seem to indicate that he had already come to the conclusion on further reflection that his previous order was erroneous. We presume that the Judge would on application direct the clerk to pay over the money.

The writ is of an extraordinary nature and should not issue as a rule where there exists another adequate remedy, or where demand has not previously been made upon the party against whom the writ is sought, and no sufficient reason appears why these rules should not be applied to the present case.

The demurrer is sustained and the writ dismissed with costs.

*Andrews, Peters & Andrade* for petitioner.

*A. S. Hartwell* for respondent.